FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JAN 18 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

BRUCE FERREIRO,

                              Plaintiff,

-against-

FIRST CHOICE MECHANICAL INC.,

                              Defendant.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**12-CV-3597 (NGG) (VVP)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Before the court is (1) Plaintiff's motion for reconsideration of the court's Order vacating the clerk's entry of default; and (2) his request for a pre-motion conference in advance of an anticipated motion for default judgment. For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED and his request for a pre-motion conference is DENIED as MOOT.

**I.    BACKGROUND**

    The court does not recite the entire history of this case, and sets forth only those facts that are relevant to the instant motion.

    On January 16, 2013, the court vacated the entry of default against Defendant sua sponte. (See Jan. 16, 2013, Mem. & Order (Dkt. 17).) In doing so, the court noted that Defendant's default was not willful, that it had a potentially meritorious defense, and that vacatur would cause Plaintiff little to no prejudice. (See id. at 4-5.) It also ordered Defendant to file an answer by January 25, 2013. (See id. at 5-6.) After the court signed its Memorandum and Order, but before it was filed on ECF, Plaintiff filed a request for a pre-motion conference in advance of a motion for default judgment. (See Jan. 16, 2013, Pl. Ltr. (Dkt. 16).) Plaintiff now moves for reconsideration of the vacatur of default primarily on the basis that Defendant misrepresented

1

certain information to the court. (See Jan. 16, 2013, Pl. Ltr. (Dkt. 18) ("Reconsideration Mem.").) Plaintiff also seems to move for sanctions for Defendant's alleged misrepresentations. (See id. at 5 ("[D]efendant *should* even be subject to additional sanctions because of material false statements . . . ." (emphasis added).) Defendant has filed a reply, which contests nearly all of Plaintiff's factual contentions, and also seeks sanctions because Plaintiff attached a confidential settlement offer to its motion for reconsideration. (See Jan. 16, 2013, Def. Reply (Dkt. 19).)

## II. STANDARD OF REVIEW

The standard for a motion for reconsideration is "strict." Schrader v. CSX Transp, Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such motions may be granted: (1) if the court overlooks critical facts; (2) if it overlooks controlling decisions that could have changed its decision, see id.; (3) in light of an intervening change in controlling law; (4) in light of new evidence; (5) to correct clear error; or (6) to prevent manifest injustice, see Virgin Atl. Airways v. Nat'l Mediation Bd., 965 F.2d 1245, 1255 (2d. Cir. 1992); see also Rollins v. N.Y. State Div. of Parole, No. 03-CV-5952 (NGG) (RLM), 2007 WL 539158, at *2 (E.D.N.Y. Feb. 16, 2007) ("A motion for reconsideration may be granted only if a court overlooked (1) factual matters that were put before it on the underlying motion or (2) controlling legal authority."). "A motion for reconsideration is 'not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion . . . [n]or . . . a chance for a party to take a 'second bite at the apple.'" WestLB AG v. BAC Fla. Bank, No. 11-CV-5398 (LTS) (AJP), 2012 WL 4747146, at *1 (S.D.N.Y. Oct. 4, 2012) (citations omitted). However, "[i]t is within the sound discretion of the district court whether or not to

grant a motion for reconsideration." Markel Am. Ins. Co. v. Linhart, No.11-CV-5094 (SJF) (GRB), 2012 WL 5879107, at *2 (E.D.N.Y. Nov. 16, 2012).

## III. DISCUSSION

Before the court are two starkly different sets of facts describing what took place prior to the entry of default against Defendant. Counsel for Defendant stated that he was expecting a response to his settlement offer when he was blindsided by Plaintiff's request for a certificate of default. (See Jan. 14, 2013, Def. Ltr. (Dkt. 15); see also Jan. 16, 2013, Def. Reply.) Counsel for Plaintiff claims that because Defendant's counsel had repeatedly failed to file an answer or make any settlement offer, which impeded discovery, he had warned of his intent to seek an entry of default. (See Reconsideration Mem. at 5-7.)

Plaintiff contends that the court should grant reconsideration because Defendant's false statements "were the primary basis for the Court's order vacating the default." (Id. at 7.) He adds that

> [w]hile the Court may be faulted for reaching an important ruling and making strong statements about plaintiff and his counsel without first hearing from plaintiff's counsel, if [Defendant's] material statements were true, one cannot fault the Court for excusing the default. However, almost all of [Defendant's] material statements . . . [were] false.

(Id. at 6-7.) He is mistaken.

These arguments depend on a misreading of the court's Order. The court vacated the entry of default sua sponte (see Jan. 16, 2013, Mem. & Order at 3-4), which, by definition, does not contemplate a response from Plaintiff. Also, the "facts" that Plaintiff believes formed the basis for the order (see Reconsideration Mem. at 2), were never cited as definitive facts. Rather, the court explicitly described the events detailed in Defendant's letter as "[b]ackground" and as what counsel for Defendant "assert[ed]," "state[d]," and "maintain[ed]." (Id.) And most

3

importantly, during the course of its analysis, the court explicitly recognized the possibility that the facts may not be as counsel for Defendant represented, and made clear that its decision did not depend on counsel for Defendant's representations being true. (See id. at 5 ("[E]ven if Defendant's counsel has misrepresented its settlement discussions with counsel for Plaintiff, and has done absolutely nothing since the November 14, 2012, settlement conference, Plaintiff's attempt at recovery has been delayed by at most two months.").) The court is quite aware that there are often three sides to any story—the plaintiff's version, the defendant's version, and the truth.

Moreover, Plaintiff's substantive arguments in favor of reconsideration are flawed. For instance, in claiming that as part of the good cause analysis Defendant cannot meet the "meritorious defense" factor, Plaintiff simply disputes Defendant's version of the facts. (See Reconsideration Mem. at 5 ("Also, on the merits, defendant is asserting the professional exemption which as its name suggests, applies to professionals such as licensed engineers and not ordinary workers like plaintiff who do not have any professional training and qualifications—as such, defendant's defense is seriously lacking in merit.").) But the Second Circuit has ruled clearly that the "meritorious defense" factor asks only whether the defendant can present facts that, "*if proven at trial*, would constitute a complete defense." New York v. Green, 420 F.3d 99, 109 (2d Cir. 2005) (emphasis added). Similarly, Plaintiff complains of the "tremendous prejudice" caused by Defendant's default. (See Reconsideration Mem. at 4-5.) But the analysis under Federal Rule of Civil Procedure 55(c) does not focus on whether the *default* has caused prejudice; the analysis is forward-looking, focusing on "the level of prejudice that the non-defaulting party may suffer *should relief be granted*." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 170 (2d Cir. 2001) (emphasis added). Any prejudice that may result from vacatur

is ameliorated by the court's Order that Defendant answer the Amended Complaint by January 25, 2013.[1] And as to willfulness, given the intense factual dispute—into which the court will not wade—the court cannot conclude at this point that Defendant's counsel, even if negligent and indeed careless, has acted willfully or egregiously. See Green, 420 F.3d at 104 ("[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits."). For all of these reasons, Plaintiff's motion is denied, and his request for a pre-motion conference is denied as moot.[2]

Unfortunately, this case illustrates the unhealthy acrimony and incompetence that can plague our profession and frustrate the efficient administration of justice. Counsel for Plaintiff used as a discovery tool a procedural mechanism designed for cases where one party is completely absent, knowing full well that this was not the case here. (See Reconsideration Mem. at 7 (emphasizing the fact that Defendant first made a settlement offer only after the entry of default).) Counsel for Defendant, at best, disobeyed numerous court orders and prolonged discovery. Counsel for both parties are strongly discouraged from engaging in such questionable tactics in the future.

## IV. CONCLUSION

Plaintiff's motion for reconsideration is DENIED and his request for a pre-motion

---

[1] That being said, the court may very well construe Defendant's failure to file an answer by January 25, 2013, as a sign of willful disregard for the court's authority.

[2] The court also denies both parties' applications for sanctions. Rather than prolong this dispute, in the interest of justice, the parties shall proceed with discovery toward a resolution on the merits.

conference is DENIED as MOOT.

    SO ORDERED.

                                                         s/Nicholas G. Garaufis

Dated: Brooklyn, New York                 NICHOLAS G. GARAUFIS
       January 17, 2013                       United States District Judge